# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JENNIFER I. ORTIZ, an individual,<br>　　　Plaintiff,<br>　vs.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 1000 (SEIU), a non-profit corporation, and DOES 1 through 10, inclusive,<br><br>　　　Defendants. | Case No. 13-cv-00698-R-JEM<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW RE: RULING ON MOTION FOR SUMMARY JUDGMENT BY DEFENDANT SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 1000** |

After consideration of the papers submitted in support of and in opposition to the motion for summary judgment by Defendant Service Employees International Union Local 1000 ("SEIU"), and after providing the parties with an opportunity for oral argument at the hearing on the motion, the Court determines that the following have been established as,

## UNCONTROVERTED FACTS

1. Plaintiff Jennifer Ortiz ("Plaintiff") filed her Complaint in this matter in this Court based on federal question subject matter jurisdiction pursuant to 28 U.S.C. §1331.

2. Plaintiff pleads three claims in her Complaint against SEIU: (1) Failure to Reasonably Accommodate, (2) Retaliation, and (3) Failure to Engage in the Interactive Process.

3. At all times relevant to Plaintiff's Complaint, Plaintiff was an employee of SEIU, and SEIU was Plaintiff's employer.

4. From August 17, 2009 to January 11, 2010, Plaintiff took medical leave from her employment with SEIU.

5. On January 11, 2010, Plaintiff informed SEIU that she could return to work with certain restrictions.

6. On January 15, 2010, SEIU contacted Plaintiff Ortiz to schedule a meeting with her, with such meeting to be held on January 21, 2010.

7. At the January 21, 2010 meeting and thereafter, SEIU interacted with Plaintiff regarding her disability and accommodation of same, including through numerous letters, telephone discussions, and other exchanges between SEIU and Ortiz.

8. In these interactions, SEIU offered accommodations to Plaintiff, specifically including the following:

 (1) returning Plaintiff to her Union Representative position, with the express understanding that she would be permitted to take intermittent leave as needed;

 (2) a Union Representative position in SEIU's Southeast Area office with a guaranteed schedule of 8 a.m. to 5 p.m. with one hour for lunch, Monday through Friday;

 (3) the same position as in (2), but per Plaintiff's inquiry, a schedule of only six hours per day but pay for a full 8-hour day, so that Plaintiff would be paid for her commuting time;

 (4) a Union Representative position in the Southwest area office (SEIU would transfer matters from the Southeast area office to the Southwest area office, at its expense, specifically to accommodate Plaintiff) working no more than eight hours per day or forty hours per week, and notably: (1) work travel would be limited to occasional travel to the Southeast office for work meetings, and that time would be taken into account so that the length of Plaintiff's work days remained within her restrictions, and (2) pay and benefits would be the same as it was before her leave; and

(5) substantially all of the foregoing, with the addition that Plaintiff's schedule would be further reduced to the very specific one she requested: 8 a.m. to 2 p.m., Monday through Friday.

9. Plaintiff rejected the first four of the foregoing five accommodations SEIU offered, and she accepted and returned to work at SEIU under the fifth offer.

10. During the time Plaintiff was on medical leave from her employment with SEIU, SEIU requested medical information from Plaintiff in connection with her requests for medical leave and accommodation of her disability.

11. During the time Plaintiff was on medical leave from her employment with SEIU, certain of Plaintiff's possessions at SEIU's Southwest Area office were temporarily relocated within that office while Plaintiff was out on medical leave.

Based on the foregoing Uncontroverted Facts, the Court now makes its,

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

2. SEIU interacted with Plaintiff in good faith regarding her disability and reasonable accommodation of same.

3. SEIU's five offers of accommodations for Plaintiff's disability were reasonable and made in good faith, and there was no unreasonable delay in making any of the offers.

4. Nothing in connection with SEIU's five offers of accommodations for Plaintiff's disability constitute any adverse action against Plaintiff.

5. SEIU's requests for medical information were justified, and therefore cannot constitute retaliatory conduct.

6. The relocation of Plaintiff's possessions was routine, and there is no evidence that it was done by anyone with knowledge of Plaintiff's reason for taking leave or Plaintiff's negotiations with SEIU in connection with her leave and/or disability. Therefore, the relocation of items cannot constitute retaliatory conduct.

7. Based on all the foregoing, each of the three claims Plaintiff pleads in her Complaint against SEIU—(1) Failure to Reasonably Accommodate, (2) Retaliation, and (3) Failure to Engage in the Interactive Process—fail as a matter of law and are dismissed with prejudice, and SEIU's motion for summary judgment is GRANTED.

///

///

///

1  Judgment in favor of SEIU will be entered in favor of SEIU consistent with
2  the foregoing.
3
4
5  Dated: May 7, 2014
6
                                    _____
7                                    Hon. Manuel L. Real
                                     United States District Judge
8
9
10
11
12
13
14
15
16
17
18
19
20